UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

Plaintiff,

-against-

THE DOE FUND, LEMLE & WOLFF COMPANIES,

Defendants.

26-CV-2963 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se,* has filed an application for *pro bono* counsel and a motion for an extension of time to retain counsel. On April 20, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Under 28 U.S.C. § 1915 ("the IFP statute"), the Court must review all IFP civil actions to determine if "the action shall be dismissed as (1) frivolous or malicious, (2) for failure to state a claim, or (3) because the action seeks monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Staley v. Navy Fed. Credit Union*, No. 24-CV-8265 (LTS), 2025 WL 1685233, at *3 (S.D.N.Y. June 5, 2025).

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. The Court's review of Plaintiff's action is pending review; therefore, the Court has yet to determine if this action is subject to dismissal. Because it is too early in the proceedings for the Court to

assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal later.

As for Plaintiff's motion for an extension of time to get an attorney, there is no deadline for Plaintiff to seek and retain counsel; Plaintiff can seek counsel at any time throughout the proceedings. Accordingly, the Court denies Plaintiff's motion for an extension of time to retain counsel as unnecessary.

## CONCLUSION

Plaintiff's requests for *pro counsel* and for more time to retain counsel (ECF 8 and 9) are denied without prejudice. The Clerk of Court is directed to terminate these motions on the docket.

Notwithstanding their appearances in the action, no responsive pleading is due from Defendants at this time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 19, 2026
New York, New York

/s/Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge